**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0498n.06
Filed: June 10, 2005

**No. 04-5879**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

RUBY A. VOYLES,                                )
                                               )
    Plaintiff-Appellant,                       )
                                               )
v.                                             )     ON APPEAL FROM THE UNITED
                                               )     STATES DISTRICT COURT FOR
LOUISVILLE TRANSPORTATION COMPANY,             )     THE WESTERN DISTRICT OF
                                               )     KENTUCKY
    Defendant-Appellee.                        )
                                               )

Before:  SILER and ROGERS, Circuit Judges; REEVES, District Judge.[*]

**PER CURIAM.**  Plaintiff Ruby A. Voyles appeals the denial of her motion for judgment

as a matter of law or, in the alternative, for a new trial on damages.  We **AFFIRM.**

**BACKGROUND**

Voyles began working for Defendant Louisville Transportation Company ("LTC") as its

Human Resources Manager in December 2001.  In July 2002, Voyles left work for one and one-half

weeks to undergo a lumpectomy after she was diagnosed with breast cancer.  In late December 2002,

Voyles requested leave under the Family and Medical Leave Act ("FMLA").  In January 2003,

Voyles requested an extension of her FMLA leave for the full twelve weeks so that she could have

reconstructive surgery.  *See* 29 U.S.C. § 2612(a)(1)(D).  While Voyles was on FMLA leave, LTC

---

[*]The Honorable Danny C. Reeves, Judge of the United States District Court for the Eastern
District of Kentucky, sitting by designation.

hired a new Human Resources Manager and discharged Voyles upon her return to work in March 2003.

Voyles sued LTC, alleging that she was discharged as retaliation for taking FMLA-protected leave. *See* 29 U.S.C. § 2601 *et seq.* During the jury trial, the district court denied both parties' motions for judgment as a matter of law. The jury concluded that LTC did not act in good faith when it discharged Voyles in violation of the FMLA. The jury awarded her $2,825 in damages as backpay. Because LTC failed to act in good faith, the district court doubled Voyles's backpay and awarded prejudgment interest. *See* 29 U.S.C. § 2617(a)(1)(A)(iii). Voyles renewed her motion for judgment as a matter of law or, in the alternative, for a new trial on damages because the jury's award was inadequate. She contended that she was entitled to thirteen months' backpay because LTC did not establish that she failed to mitigate her damages. Her motion was denied.

## DISCUSSION

"We review a district court's denial of a motion for judgment as a matter of law or a renewed motion for judgment as a matter of law *de novo*." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004). Judgment as a matter of law is "granted only if in viewing the evidence in the light most favorable to [LTC], there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of [Voyles]." *See id.* (citation omitted); Fed. R. Civ. P. 50(a)(1). "We review the district court's decision to deny a motion for new trial for an abuse of discretion[,]" accepting the jury's verdict "if it is one which could reasonably have been reached." *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 727 (6th Cir. 2005) (citations omitted).

1.  **Motion for Judgment as a Matter of Law**

Since the jury found that LTC improperly retaliated against Voyles for taking FMLA leave, *see* 29 U.S.C. § 2615(a)(2), we need only determine whether Voyles was entitled to judgment as a matter of law regarding mitigation of damages. She argues that the jury completely ignored her testimony that she had been out of work for one year and one month.

LTC must prove that "1) there were substantially equivalent positions which were available; and 2) [Voyles] failed to use reasonable care and diligence in seeking such positions." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983). "The finding that a claimant has exercised reasonable diligence in seeking other suitable employment following a discriminatory discharge is an issue of fact which, on appeal, is subject to the 'clearly erroneous' standard of review of Fed. R. Civ. P. 52(a)." *Id.* at 623 (citations omitted). The availability of substantially equivalent positions is uncontested here.

Voyles testified at trial that, during her unemployment period, she looked for hundreds of jobs, "went on a couple interviews," signed up for online career services, went to career fairs, and earned a license to sell insurance. Nevertheless, she admitted that she would not interview for employment positions because her hair loss made her uncomfortable. Since she would not interview during the ten months she was bald, the jury could have reasoned that she failed to mitigate her damages. In addition, Voyles had previously testified in her deposition that most of her hair had grown back by July 2003. Accordingly, the jury may have inferred that the explanation of hair loss did not warrant her continued refusal to interview after July 2003.

Voyles also testified that, in January 2003, her time frame for starting to work again was "six months or a year." This indicates a refusal to seek other employment for a definite amount of time. *See Tramill v. United Parcel Serv.*, 10 Fed. Appx. 250, 255, 2001 WL 278697, at *3-4 (6th Cir. Mar.

12, 2001) (district court found that employee ceased mitigating damages and admitted on cross-examination that he failed to search for other employment). Further, the jury (in its province) may have disregarded Voyles's testimony that she applied for "hundreds" of jobs as embellishment. *See Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 578 (6th Cir. 1987) (jury is free to discredit plaintiff's testimony, "even where uncontradicted"). Through cross-examination, LTC proved that Voyles failed to use reasonable diligence in seeking employment. *See Ford v. Nicks*, 866 F.2d 865, 874-75 (6th Cir. 1989) (plaintiff's failure to apply for substantially equivalent positions demonstrated lack of reasonable care and diligence).

The jury made a factual finding that Voyles deserved $2,825 in backpay and this court is not at liberty to weigh the evidence, consider Voyles's credibility, or substitute its judgment for that of the jury. *See Meyers v. Wal-Mart Stores, East, Inc.*, 257 F.3d 625, 629 (6th Cir. 2001). Viewing the evidence in the light most favorable to LTC, Voyles was not entitled to judgment as a matter of law.

**2. Motion for New Trial**

Voyles alternatively argues that the district court should have granted a new trial solely on damages. Our range of review of the jury's damages award is very narrow – "[a] trial court may not grant a new trial on the ground of insufficient damages unless the jury verdict is one that could not reasonably have been reached." *See Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). "The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than *unquestionably* proved by the plaintiff's *uncontradicted and undisputed* evidence." *Id.* Therefore, if the jury's verdict "is supported by some competent, credible evidence, [the] trial court will be deemed not to have abused its discretion in denying [Voyles's] motion." *Id.*

This argument fails because there is no "definite and firm conviction that the trial court committed a clear error of judgment." *See Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 224 (6th Cir. 1997) (internal quotations and citations omitted). Although Voyles contends that the damages award is "against the clear weight of the evidence, we accept the jury's verdict [since] it was reasonably reached." *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998) (internal quotations and citations omitted). Because Voyles was contradicted through cross-examination, it cannot be said that she unquestionably proved her damages through uncontradicted and undisputed evidence. *See Anchor*, 94 F.3d at 1021-23. Voyles bore the burden of proving damages, and the jury elected to disregard her testimony. *See Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001). There was no abuse of discretion. *Tarrants v. Owens-Corning Fiberglas Corp.*, 225 F.3d 659, 2000 WL 977375, at *3 (6th Cir. 2000) (table) ("[I]t is not the role of this Court to reevaluate the jury's conclusions.").

**AFFIRMED.**